BERDIEL, PLAINTIFF AND APPELLEE, *v.* MUNICIPALITY OF ADJUNTAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Restitution.

No. 1290.—Decided July 30, 1915.

MUNICIPAL CONTRACTS — DEPOSIT — BIDDERS. — According to article 1781 of the Civil Code then in force, a deposit made in 1897 for the purpose of bidding on a contract for municipal improvements was a necessary and not a voluntary deposit for it was made in compliance with the legal obligation imposed by the Royal Decree of January 4, 1883, relating to municipal auctions, the same being then in force by virtue of article 89 of the law governing the municipalities.

ID.—DEPOSIT—RETURN OF DEPOSIT.—In order for a person to have a right to the return of a necessary deposit made in 1897, an allegation only that the deposit was made is not sufficient, as in the case of a voluntary deposit, but he must allege the facts which, according to the Royal Decree of January 4, 1883, imposes the obligation on the defendant municipality to return the deposit.

The facts are stated in the opinion.

*Mr. Francisco Parra Capó* for the appellant.

*Mr. Eduardo Flores Colón* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Ramón Berdiel Salvador filed a complaint, which he amended later, in the District Court of Ponce alleging that on August 16, 1897, for the purpose of enabling Francisco Arabia to bid on the construction work of the aqueduct of the municipality of Adjuntas he deposited the sum of 1,003.88 *pesos* in the treasury of the said municipality, it being the equivalent of 10 per cent of the cost of the work to be bid for, and the treasurer issued the following receipt:

"Municipal Treasury of Adjuntas. Fiscal year 1897–98. Fernando González, Treasurer of the Municipality of Adjuntas.

"I have received from Ramón Birdiel of this town the sum of 1,003.88 *pesos,* the equivalent of 10. per cent of the cost of the construction work of the aqueduct of this town which is to be contracted for at auction, he depositing the said sum so that Francisco Arabia Fradera may bid on the said work and the same to be returned to the interested party. This receipt will serve as a final receipt in case the work is awarded to said Arabia, because the provisional deposit is the same amount as the final deposit. The comptroller will take note of this receipt for the proper ends.

"Adjuntas, August 16, 1897. Fernando González Castillo. Noted this fifth day of December, 1897. Juan Garrigó, Comptroller."

He alleged also that the said deposit was without force or effect because the defendant refused to carry out the proposed work after the auction, and that later the plaintiff demanded of the defendant the return of the amount deposited which was refused, and that although he has attempted to collect the same, with interest, on several occasions, the defendant corporation has tried at all times to evade payment. After further alleging that the 1,003.88 *pesos* are equal to $602.32, which, with interest from 1898 to June, 1914, amounts to $3,405, the sum sued for, he concluded by praying that judgment be rendered against the defendant for the said amount, with costs, expenses, disbursements and attorney fees.

The defendant not having demurred to or answered the amended complaint notwithstanding the fact that summons

was served on its attorneys, the defendant was adjudged in default and on January 12, 1915, the secretary entered judgment in favor of Ramón Berdiel Salvador and against the municipality of Adjuntas for $3,405 and the costs, from which judgment the defendant appealed to this court.

According to article 1781, subdivision 1, of the Civil Code in force in 1897, the deposit sued for in this action is not a voluntary but a necessary deposit, inasmuch as it was made in compliance with the legal obligation imposed by the Royal Decree of January 4, 1883, relating to municipal auctions, the same being then in force by virtue of article 89 of the law governing the municipalities. Therefore, in order to be entitled to the return of the necessary deposit the simple allegation that the deposit was made is not sufficient, as in the case of a voluntary deposit. The facts which, pursuant to the said royal decree, create the obligation of the defendant municipality to return the deposit must also be pleaded.

In order that a person might bid for a municipal improvement contract the said royal decree required a provisional deposit which would not be returned to the interested party until after the proposal of one of the bidders had been definitely accepted, the deposit of the successful bidder being retained to respond for his compliance with the obligation to furnish final security for the performance of his contract and to execute the corresponding instrument of agreement; and when the amount was deposited as a final security it responded not only for the performance of the contract but also for such fines and indemnities as might be imposed by virtue of the same.

The deposit in this case was not only to entitle Arabia to tender his bid, but was also considered as final security in case the contract should be given to him, therefore the allegations of the complaint do not show any right to the return of the deposit as prayed for, inasmuch as if the contract were given to another person this fact should have been alleged as the basis of the right to the return of the deposit while

if it were given to Francisco Arabia, as the deposit which the plaintiff made was to respond also for the  fulfilment of his obligation as the successful bidder, it should have been alleged that he complied with all the obligations imposed and that the deposit was in force at the time when the defendant refused to carry out the work; for the deposit might have been extinguished or diminished by fines and indemnities before the defendant decided not to carry out the work. It should have been alleged also that the municipality took the said action as a matter of pure convenience and not because the successful bidder had been delinquent, for in the latter case he would not be entitled to recover the deposit which responded for the performance of his obligations as the successful bidder.

For the foregoing reason the complaint contains no allegations creating an obligation upon the part of the defendant to pay the amount sued for and for which judgment was rendered against it, therefore the judgment should be reversed with leave to amend the complaint.

*Reversed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

I feel obliged to dissent in this case. The receipt says that the deposit should be returned to the depositor and that such receipt should become definite if the award is made in favor of Francisco Arabia Fradera. Now as the law does not favor forfeitures the complainant was entitled to receive back his deposit unless some event occurred which prevented the return, like the making of the award. If the award was made it would defeat the return of the deposit but otherwise the complainant was entitled to the possession of his own money or its equivalent. The burden of proof was on

the defendant to show that the award had been made. Similarly, if there were any fines or failure to comply with the law the burden was on the defendant to show the same. It was a matter of defense and as no defense was presented, the complainant was entitled to his judgment.